El Juez Presidente Señor Hernández Denton
emitió la opinión del Tribunal.
En esta ocasión nos corresponde determinar si la Ley Núm. 96 del 7 de agosto de 2001, mediante la cual se autorizó el cobro de un cargo por servicio a los empleados que opten por la no afiliación a la organización sindical que los representa, debe aplicarse retroactivamente a los empleados que no se afiliaron mientras estaba vigente la legislación anterior que los eximía de pagar dicho cargo por servicio.
En el caso ante nuestra consideración, la Asociación de Maestros y Educadores Puertorriqueños en Acción (los peticionarios) nos solicitan la revocación de una sentencia emitida por el Tribunal de Apelaciones que resolvió que la Ley Núm. 96 de 7 de agosto de 2001 no se aplicó retroactivamente porque el cobro de los cargos por servicio comenzó a efectuarse luego de su entrada en vigor. Por entender que la legislación en controversia sí fue aplicada retroactivamente en ausencia de una disposición expresa o circunstancias extraordinarias que así lo requirieran, revocamos.
I
La Ley Núm. 45 de 25 de febrero de 1998, según enmendada, 3 L.P.R.A. see. 1451 et seq., conocida como la Ley de Relaciones del Trabajo para el Servicio Público de Puerto Rico (Ley Núm. 45) le confirió a los empleados públicos el derecho a no afiliarse ni ser representados por la organización obrera certificada. Asimismo, se dispuso que los empleados que optaran por la no afiliación estarían exentos del pago de cargos por servicio.
Posteriormente, la Asamblea Legislativa promulgó la Ley Núm. 96 de 7 agosto de 2001 (Ley Núm. 96), que enmendó la Ley Núm. 45, y estableció un cargo por servicio de hasta un máximo de 50% de la cuota regular de los *644 afiliados para los empleados que opten por no afiliarse. En otras palabras, la enmienda mantuvo inalterada la opción de los empleados de no afiliarse, pero dispuso que, en esos casos, estarían obligados a pagar un cargo por servicio.
Una vez se aprobó la Ley Núm. 96, el Departamento de Educación comenzó a descontarles a todos los maestros no afiliados una cantidad de $8 por cargos por servicio a favor de la Federación de Maestros.(1) Dicho descuento cubrió el periodo desde la aprobación de la Ley Núm. 96 hasta el presente.
Inconformes con dicha decisión, la Asociación de Maestros y Educadores Puertorriqueños en Acción, en representación de sus miembros, presentó una demanda en la que solicitó una sentencia declaratoria e injuction contra el Departamento de Educación y la Federación de Maestros. Alegó, en síntesis, que dicho descuento es ilegal y que sus miembros, al notificar su interés en no afiliarse a la Federación de Maestros al amparo de la Ley Núm. 45, adquirieron el derecho a no pagar cargos por servicio. Asimismo, sostuvo que la Ley Núm. 96 no dispone para que tenga efectos retroactivos, por lo que el Departamento de Educación debe abstenerse de continuar descontándoles el cargo en controversia.
Por su parte, el Departamento de Educación adujo que la Ley Núm. 96 no se está aplicando retroactivamente, ya que los descuentos se comenzaron a cobrar luego de su entrada en vigor. Señaló, además, que para que los peticionarios tengan derecho a beneficiarse de los servicios que brinda la Federación de Maestros deben aportar con algún porciento de lo que pagan los empleados afiliados. Finalmente, sostuvo que los peticionarios no tienen un derecho adquirido a no pagar cargos por servicio en virtud de la legislación anterior.
Luego de sometido el caso para su adjudicación, la Fe *645 deración de Maestros presentó un Memorando de Derecho en el que reiteró varios de los planteamientos esbozados por el Departamento de Educación. En particular, argüyó que no se le estaba dando efecto retroactivo a la Ley Núm. 96, ya que los descuentos comenzaron a efectuarse después de su entrada en vigor y que los peticionarios no adquirieron un derecho, en virtud de la legislación anterior, a no pagar cargos por servicio. Por otro lado, señaló que la Ley Núm. 96 se promulgó con el fin de resolver contradicciones entre las disposiciones de la Ley Núm. 45.
Luego de varios trámites procesales, el Tribunal de Primera Instancia resolvió mediante una sentencia enmendada nunc pro tune que la deducción de cargos por servicio que realizaba el Departamento de Educación a los peticionarios era ilegal, ya que éstos notificaron su interés en no afiliarse antes de la vigencia de la Ley Núm. 96. Determinó que dicha ley sólo podía aplicarse de manera prospectiva en virtud del Art. 3 del Código Civil de Puerto Rico, 31 L.P.R.A. see. 3, y su jurisprudencia interpretativa. En vista de lo anterior, ordenó al Departamento a descontinuar la deducción de los cargos y a devolver a los peticionarios el dinero recolectado hasta ese momento.
Insatisfecho con el dictamen, la Federación de Maestros acudió ante el Tribunal de Apelaciones reiterando los argumentos presentados ante el Tribunal Primera Instancia. Adujo que el foro inferior había errado al concluir que los descuentos se hicieron retroactivamente, aun cuando se efectuaron luego de que la Ley Núm. 96 entrara en vigor. Así las cosas, el foro intermedio revocó al Tribunal de Primera Instancia por entender que el Departamento de Educación no cobró retroactivamente los cargos por servicio, puesto que los descuentos comenzaron a efectuarse luego de su entrada en vigor.
De esa decisión apelan ante nos los peticionarios. Aducen que el Tribunal de Apelaciones erró al resolver que la Ley Núm. 96 fue puesta en vigor prospectivamente y que, por lo tanto, la disposición legal en controversia no se está aplicando retroactivamente. Sostienen que la actuación del *646 Departamento de Educación atenta contra su derecho adquirido a no pagar cargos por servicio a la Federación de Maestros.
Acogido el recurso como certiorari, y con el beneficio de la comparecencia de las partes, procedemos a resolver.
II
La Ley Núm. 45 se promulgó para conferir a los empleados públicos el derecho a la organización sindical y a la negociación colectiva dentro de los parámetros establecidos en la propia ley. Exposición de Motivos Ley Núm. 45 (1998 (Parte 1) Leyes de Puerto Rico 146); Depto. Educ. v. Sindicato Puertorriqueño, 168 D.P.R. 527 (2006). Conforme a esto, se les confirió el derecho a afiliarse a una organización sindical que haya sido certificada por la Comisión de Relaciones del Trabajo del Servicio Público como la representante exclusiva de los empleados. Art. 4 de la Ley Núm. 45 (3 L.P.R.A. sec. 1451(b)). Dicha organización representará a los empleados ante la agencia gubernamental correspondiente para propósitos de salarios, beneficios marginales, términos y condiciones de empleo. Art. 3 de la Ley Núm. 45 (3 L.P.R.A. sec. 1451(j)).
En lo pertinente a la controversia ante nuestra consideración, la Ley Núm. 45 reconoció el derecho de los empleados a no afiliarse ni ser representados por la organización obrera certificada. Asimismo, la See. 4.2 de Ley Núm. 45 (3 L.P.R.A. sec. 1451c (ed. 2000)), ya derogada, eximió del pago de cargos por servicio a los empleados que hubiesen optado por ejercer tal derecho.(2) Es decir, mediante dicha *647 legislación los empleados que optasen por la no afiliación estarían exentos de pagar cargos por servicio a su representante, aun cuando le aplicaran las disposiciones del convenio colectivo en lo que respecta a salarios, beneficios marginales y condiciones generales de empleo.
En el 2001 la Asamblea Legislativa enmendó la Ley Núm. 45 para, entre otras cosas, sustituir la See. 4.2 por un nuevo articulado denominado “Opción de no afiliarse y cargos por servicio”. La Ley Núm. 96, supra, incorporó la opción de no afiliarse y estableció un nuevo cargo por servicio para los que opten por ejercerla. Por su importancia, trascribimos el mencionado Art. 17:

Opción de no afiliarse

Aquellos empleados que formen parte de una unidad apropiada para fines de negociación colectiva debidamente certificada por la Comisión, que opten por no afiliarse ni ser representados por la organización obrera debidamente certificada, podrán solicitar ser excluidos de la misma mediante presentación de una notificación al efecto al jefe de la agencia, con copia al representante exclusivo, dentro de los treinta (30) días siguientes a la notificación de la certificación del representante exclusivo. 3 L.P.R.A. see. 1454.

Cargo por servicio

Los miembros de la unidad apropiada que opten por no afiliarse pagarán al representante exclusivo un cargo por servicio hasta un máximo de cincuenta (50) por ciento de la cuota regular establecida para los afiliados al representante exclusivo. También tendrán que observar las disposiciones del convenio colectivo en cuanto a los procedimientos para ventilar quejas, agravios y arbitraje, siéndole aplicables, en igual medida, las disposiciones del Convenio Colectivo referentes a salarios, beneficios marginales y condiciones de empleo. (Enfasis suplido.) 3 L.P.R.A. sec. 1454a.
De las disposiciones antes transcritas se desprende la intención del legislador de modificar la situación jurídica vigente hasta ese momento, para obligar a los empleados que en adelante opten por no afiliarsea contribuir a la *648 organización sindical que los representa. Claramente la Ley Núm. 96 cambió la situación jurídica para los que, al momento en que entró en vigor, no hubiesen ejercido la opción de no afiliarse.
Aclarado lo anterior, nos resta examinar si la intención del legislador fue para que dicha obligación se aplicase retroactivamente a los empleados que hubiesen optado por la no afiliación bajo el estado de derecho hasta entonces vigente.
rH HH H-1
La irretroactividad de las leyes se concibe como un principio fundamental de interpretación estatutaria. Dicho principio se incorpora a nuestro ordenamiento jurídico a través del Art. 3 del Código Civil, supra, que establece que las leyes no tendrán efecto retroactivo si no dispusieren expresamente lo contrario. Por lo tanto, la excepción es la retroactividad. Consejo Titulares v. Williams Hospitality, 168 D.P.R. 101 (2006); Nieves Cruz v. U.P.R., 151 D.P.R. 150 (2000); Ocasio v. Díaz, 88 D.P.R. 676 (1963). Aclaramos que la retroactividad no sólo es la excepción, sino que tiene lugar en circunstancias extraordinarias como veremos más adelante. A raíz de ello, son pocas las ocasiones en que nos hemos apartado de la norma general de irretroactividad, ya que la absoluta retroactividad de las leyes conlleva la muerte de la seguridad y de la confianza jurídica. Ocasio v. Díaz, supra, págs. 728-729.
Aunque de la referida disposición del Código Civil surge el deber de establecer expresamente la retroactividad, hemos resuelto que ésta puede surgir de la voluntad implícita del legislador. Vélez v. Srio. de Justicia, 115 D.P.R. 533 (1984); Warner Lambert Co. v. Tribunal Superior, 101 D.P.R. 378 (1973). Es decir, la intención del legislador de darle efecto retroactivo a una ley puede ser ex-presa o tácita. Consejo Titulares v. Williams Hospitality, supra; Rodríguez v. Retiro, 159 D.P.R. 467 (2003).
*649 Ahora bien, ello no significa que podamos impartirle retroactividad a una ley a la ligera. La intención del legislador de darle efecto retroactivo a una ley debe desprenderse del estatuto. En síntesis, la retroactividad, por ser un acto excepcional, debe aparecer expresamente o surgir claramente del estatuto. Nieves Cruz v. U.P.R., supra; Vázquez v. Morales, 114 D.P.R. 822 (1983). Así es como único mantenemos el principio de irretroactividad de las leyes.
A esos fines, en ausencia de un mandato expreso del legislador, sólo le hemos impartido efecto retroactivo a una ley en circunstancias supremas y extraordinarias. Se trata de circunstancias en las que el interés público, la justicia o los propósitos de la propia ley así lo ameritan. Nieves Cruz v. U.P.R., supra. Por ejemplo, en Warner Lambert Co. v. Tribunal Superior, supra, le impartimos efecto retroactivo a la Ley Núm. 75 de 24 de junio de 1964 para no derrotar el propósito cardinal del estatuto convirtiéndolo en una medida inocua. De igual forma, en Vélez v. Srio. de Justicia, supra, resolvimos que la legislación para prohibir la operación de máquinas electrónicas de “Pin Ball” a una distancia de 200 metros de las escuelas tenía efectos retroactivos. Notamos como, mientras más grave sea el mal social que el estatuto intenta remediar, mayor justificación para su aplicación retroactiva. Warner Lambert Co. v. Tribunal Superior, supra.
Conforme a lo anterior, no podemos endosar cualquier determinación de retroactividad que se haga ignorando los principios antes esbozados. Partimos de la premisa que existe una presunción de irretroactividad en los casos en los que el legislador guarda silencio al respecto. Por consiguiente, si del texto o de los propósitos legislativos no surge de forma clara, cierta y definitiva la intención de que la ley tenga efecto retroactivo, no podemos nosotros impartirle dicho efecto. Vargas v. Retiro, 159 D.P.R. 248 (2003). De hecho, en Nieves Cruz v. U.P.R., supra, pág. 160, resolvimos que de existir una intención legislativa de retroactividad definitiva “lo lógico hubiese sido que se inclu *650 yera en la citada Ley Núm. 98 en una sencilla oración que expresara tal intención”.
Por último, cabe recordar que, en materia de interpretación estatutaria, las reglas de hermenéutica establecen que cuando el texto de la ley es claro y libre de ambigüedad hay que ceñirse a éste. Es decir, cuando el texto de la ley es claro y libre de ambigüedad no debe ser sustituido bajo el pretexto de cumplir con los propósitos legislativos. Nieves Cruz v. U.P.R., supra, Irrizary v. J & J Cons. Prods. Co., Inc., 150 D.P.R. 155 (2000). Por ende, si del texto de la ley no surge su aplicación retroactiva no podemos, en ausencia de circunstancias extraordinarios, ignorar la letra de la ley.
IV
En el caso ante nuestra consideración, los peticionarios sostienen que la Ley Núm. 96 les fue aplicada retroactivamente, ya que fueron eximidos del pago de cargos por servicio en virtud de la legislación anterior. Alegan que la Ley Núm. 96 no dispone para su aplicación retroactiva por lo que el Departamento de Educación está impedido de descontarles de su salario un cargo por servicio. Les asiste la razón.
Del texto de la Ley Núm. 96 no surge de modo alguno que el cobro de un cargo por servicio a los empleados no afiliados ha de tener efecto retroactivo. Por el contrario, hay disposiciones que sostienen que su aplicación debe ser prospectiva. Así, por ejemplo, el Art. 10 de la Ley Núm. 96 dispone que su entrada en vigor será “inmediatamente después de su aprobación”, sin especificar si tendrá efecto retroactivo. Es decir, se limita a establecer que tendrá vigencia inmediata. Cabe mencionar que en otros casos en los que el legislador ha querido conferir efecto retroactivo á una ley, lo ha dispuesto expresamente en ese mismo articulado.(3)
*651 Del mismo modo, la citada Sec. 17.2 de la Ley Núm. 96 en controversia establece que “[l]os miembros de la unidad apropiada que opten por no afiliarse pagarán al representante exclusivo un cargo por servicio ...”. Del lenguaje de la disposición antes transcrita se desprende la intención del legislador de que se cobre el cargo por servicio a los empleados que, a partir de su vigencia, opten por no afiliarse. Entendemos que si otro hubiese sido el ánimo del legislador, así lo hubiese aclarado en el texto de la ley. Este Tribunal no puede sustituir la palabra opten por optaron.
Por otro lado, para auscultar la intención del legislador, en ausencia de una disposición expresa en la ley, es preciso que nos encontremos en circunstancias extraordinarias. Nos referimos a los casos en que se intenta corregir un mal social o evitar una injusticia. Claramente el cobro retroactivo de un cargo por servicio a favor de una organización sindical no constituye uno de estos supuestos.
Según surge de la Exposición de Motivos de la Ley Núm. 96, su propósito fue el de “atemperar la legislación existente a las necesidades y aspiraciones de nuestros servidores públicos y para proveer un marco legal adecuado que garantice y amplíe el ámbito de negociación lo que redundará en un mejor servicio a la ciudadanía”. Exposición de Motivos de la Ley Núm. 96 (2001 (Parte 1) Leyes de Puerto Rico 404). Tal expresión legislativa, por sí sola, no nos mueve a concluir que debemos aplicar la ley retroactivamente. Por otro lado, la única mención que se hace con relación a la Ley Núm. 45 es que ésta no llenó totalmente las expectativas de los grupos impactados. No hace referencia a incompatibilidades o contradicciones que se quieran remediar con la aprobación de la Ley Núm. 96.
*652 V
En virtud de lo antes expuesto, declaramos ilegales los descuentos de cargos por servicio efectuados a los maestros que notificaron su interés en no afiliarse a la Federación de Maestros y fueron eximidos de pagar cargos por servicio en virtud de la legislación anterior. Resolvemos que la Ley Núm. 96 sólo aplica prospectivamente a los empleados que opten por no afiliarse a la organización obrera después de su vigencia.

Se dictará sentencia de conformidad.

La Jueza Asociada Señora Fiol Matta disintió con una opinión escrita, a la cual se unió el Juez Asociado Señor Rebollo López.

 Desde 1999 la Federación de Maestros es la organización obrera certificada por la Comisión de Relaciones del Trabajo del Servicio Público como la representante exclusiva de la unidad apropiada del personal docente del Departamento de Educación.

 “Sección 4.2—Derecho a no afiliarse
“Aquellos empleados que formen parte de una unidad apropiada para fines de negociación colectiva debidamente certificada por la Comisión, que no interesen afiliarse ni ser representados por la organización obrera debidamente certificada, podrán solicitar ser excluidos de la misma. Este derecho no aplicará una vez sean miembros de la organización obrera. Estos empleados no pagarán cargos por servicio a la organización obrera. Los empleados no afiliados a la organización obrera observarán las disposiciones del convenio colectivo en cuanto a los procedimientos para ventilar quejas, agravios, arbitraje; y les serán aplicables para su beneficio las dis *647 posiciones del convenio colectivo en lo que respecta a salarios, beneficios marginales y términos y condiciones de empleo. El taller cerrado y el taller unionado estarán prohibidos.” See. 4.2 de la Ley Núm. 45 (3 L.P.R.A. sec. 1451c (ed. 2000)).

 En el caso Consejo Titulares v. Williams Hospitality, 168 D.P.R. 101 (2006), resolvimos que la nueva Ley de Condominios, Ley Núm. 103 de 5 de abril de *651 2003, debía aplicarse retroactivamente. Cabe señalar que en aquel caso, del propio texto de la ley surgía una disposición en cuanto a que la ley “entrará en vigor a los (90) días después de su aprobación y sus disposiciones regirán a todo inmueble sometido al régimen de Propiedad Horizontal, cualquiera que sea el momento en que fuera sometido a dicho régimen”. (Énfasis suplido.) Art. 44 de la Ley Núm. 103 (2003 (Parte 1) Leyes de Puerto Rico 410).